**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 2 9 2020

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BRIAN RAULS, Individually and on
Behalf of All Others Similarly Situated**                                    **PLAINTIFF**

vs.                                        No. 4:20-cv-**1157-KGB**

**AEROJET ROCKETDYNE, INC.**                                              **DEFENDANT**

This case assigned to District Judge **Baker**
and to Magistrate Judge **Harris**

<u>**ORIGINAL COMPLAINT—COLLECTIVE ACTION**</u>

COMES NOW Plaintiff Brian Rauls ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Lydia H. Hamlet and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action ("Complaint") against Defendant Aerojet Rocketdyne, Inc. ("Defendant"), he states and alleges as follows:

### I.    PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA and the AMWA.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Defendant has facilities located in Ouachita County; therefore, venue is proper within Central Division of the Eastern District of Arkansas pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff is an individual and resident of Ouachita County.

7. Defendant is a foreign, for-profit corporation.

8. Defendant's registered agent for service is CT Corporation System at 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

9. Defendants maintain a website at https://www.rocket.com/.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

12. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in

interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as rocket ships and missiles.

13. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

14. Defendant provides propulsion and energetics for space, missile defense, tactical missile and armaments to its customers around the world.

15. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

16. At all times material herein, Plaintiff has been classified by Defendant as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207, and the AMWA, A.C.A. § 11-4-211.

17. Defendant employed Plaintiff as a salaried Logistics Analyst from April of 2020 to August of 2020.

18. Defendant also hired other individuals to work as Logistics Analysts.

19. Other Logistics Analysts were also classified as exempt from the overtime requirements of the FLSA and were paid a salary rather than an hourly wage.

20. At all relevant times herein, Defendant directly hired Logistics Analysts to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

21. Plaintiff's duties included shipping and receiving, segregating new orders across the plant, and inputting computer transactions.

22. Other Logistics Analysts had the same or similar duties to Plaintiff.

23. Plaintiff and other Logistics Analysts did not have the authority to hire or fire any other employee, nor were their recommendations as to hiring or firing given particular weight.

24. Plaintiff and other Logistics Analysts did not manage the enterprise or a customarily recognized department or subdivision of the enterprise.

25. Plaintiff and other Logistics Analysts did not exercise discretion and independent judgment as to matters of significance.

26. Plaintiff regularly worked over forty hours per week.

27. Plaintiff estimates he worked between five and twenty hours of overtime each week.

28. Upon information and belief, other Logistics Analysts had similar schedules to Plaintiff and also regularly worked over forty hours per week.

29. At all relevant times herein, Defendant has deprived Plaintiff and other Logistics Analysts of regular wages and overtime compensation for all of the hours worked over forty (40) per week.

30. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

31. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

32. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A. Overtime premiums for all hours worked over forty (40) hours in any week;

    B. Liquidated damages; and

    C. Attorney's fees and costs.

33. Plaintiff proposes the following class under the FLSA:

**All salaried Logistics Analysts in the past three years.**

34. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

35. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

36. The members of the proposed FLSA class are similarly situated in that they share these traits:

    A. They were paid a salary;

    B. They were not paid an overtime premium for hours worked over forty each week;

    C. They had the same or substantially similar job duties and responsibilities; and

      D.    They were misclassified by Defendant as exempt from the overtime requirements of the FLSA.

      37.    Plaintiff is unable to state the exact number of the class but believes that the class exceeds ten (10) persons.

      38.    Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

      39.    The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

      40.    The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claim for FLSA Violations)

      41.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

      42.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

      43.    At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

      44.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 in one week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

      45.    Defendant misclassified Plaintiff as exempt from the requirements of the FLSA.

46. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each week.

47. Defendant knew or should have known that its actions violated the FLSA.

48. Defendant's conduct and practices, as described above, were willful.

49. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

50. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

51. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII. SECOND CLAIM FOR RELIEF
#### (Collective Action Claim for FLSA Violations)

52. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

53. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

54. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

55. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 in one week and to pay 1.5x their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

56. Defendant misclassified Plaintiff and other similarly situated employees as exempt from the overtime provisions of the FLSA.

57. Despite the entitlement of Plaintiff and similarly situated employees to overtime payments under the FLSA, Defendant failed to pay Plaintiff and similarly situated employees an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each week.

58. Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty (40) per week, in violation of the FLSA.

59. Defendant knew or should have known that its actions violated the FLSA.

60. Defendant's conduct and practices, as described above, were willful.

61. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

62. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

63. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claim for AMWA Violations)

64. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

65. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

66. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

67. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

68. Defendant misclassified Plaintiff as exempt from the requirements of AMWA.

69. Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each week.

70. Defendant knew or should have known that its practices violated the AMWA.

71. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

72. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Brian Rauls, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA, the AMWA and their related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E. An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.    Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**BRIAN RAULS, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

/s/ Lydia H. Hamlet
Lydia H. Hamlet
Ark. Bar No. 2011082
lydia@sanfordlawfirm.com

/s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BRIAN RAULS, Individually and on**                                     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                                No. 4:20-cv-_____

**AEROJET ROCKETDYNE, INC.**                                           **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as a salaried worker for Aerojet Rocketdyne, Inc., within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_____
**BRIAN RAULS**
September 29, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**