IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRIAN RAULS, individually and on behalf of all others similarly situated                                   PLAINTIFF

v.                      NO. 4:20-cv-01157 PSH

AEROJET ROCKETDYNE, INC.                                                                                DEFENDANT

# ORDER

Plaintiff Brian Rauls ("Rauls") began this case by filing a complaint pursuant to the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"). In the complaint, he alleged that defendant Aerojet Rocketdyne, Inc., ("Aerojet") violated the overtime provisions of the FLSA and AMWA by failing to pay him proper overtime compensation during his employment with Aerojet.[1]

---

[1]   Rauls filed his complaint individually and on behalf of all others similarly situated. In a Mutual Agreement to Arbitrate Claims attached as an exhibit to the parties' Settlement Agreement and General Release, he waived his right to pursue collective, class, or other representative claims. See Mutual Agreement to Arbitrate Claims, attached as an exhibit to Docket Entry 15, Exhibit A.

Rauls and Aerojet have now filed the pending joint motion to dismiss with prejudice and for approval of settlement agreement. See Docket Entry 15. The documents provide that Aerojet will pay Rauls the sum of $1,600.00 in damages and will pay his attorney $3,250.00 in fees. With respect to the amount of attorney's fee, the parties represent, and the Court accepts, the following:

> The attorney fee payment in this case was negotiated separately from [Rauls'] alleged back wages settlement amount, and the agreed-upon fee amount had no effect on the amount that [he] received, which is itself a result of arms-length negotiations based on the strengths and weaknesses of [his] claims and [Aerojet's] defenses.

See Docket Entry 15 at CM/ECF 3.

In Younger v. Centers for Youth and Families, Inc., 2017 WL 1652561, 1 (E.D.Ark. 2017), United States District Judge Kristine G. Baker provided the following outline for considering motions like the one at bar:

> Settlement agreements resolving FLSA claims are typically subject to court approval. See Dillworth v. Case Farms Processing, Inc., 2010 WL 776933 at *2 (N.D. Ohio Mar. 8, 2010) (citing 29 U.S.C. § 216(b)). Before approving a settlement, the Court must ensure that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute. See id. at 5; see also Int'l Union, United Auto., Aerospace, & Agric.

<u>Implement Workers of Am. V. Gen. Motors Corp</u>., 497 F.3d 615, 631 (6th Cir. 2007).

The Eighth Circuit Court of Appeals has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements. However, other courts have scrutinized such settlements for fairness in two steps:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

<u>Dees v. Hydradry, Inc</u>., 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

The Court has reviewed the record in this case, particularly the representations contained in the parties' joint motion to dismiss with prejudice and the settlement agreement that accompanies the motion. The Court is satisfied that the settlement agreement provides Rauls with a reasonable recovery and furthers the implementation of the FLSA in the workplace. Accordingly, the settlement agreement is approved. The parties' joint motion to dismiss with prejudice is granted, and this case is dismissed with prejudice consistent with the parties' settlement

3

agreement. The Court retains exclusive jurisdiction over the performance and enforcement of the settlement agreement and this Order.

IT IS SO ORDERED this 11th day of January, 2021.

_____
UNITED STATES MAGISTRATE JUDGE